**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARINA LISETH SANTOS-ROBLES, | No. 10-70114 |
| Petitioner, | Agency No. A099-524-395 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:      SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Karina Liseth Santos-Robles, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order summarily

affirming an immigration judge's ("IJ") decision denying her motion to reopen

removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008), and review de novo questions of law, *Ramos Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The IJ did not abuse his discretion in denying as untimely Santos-Robles' motion to reopen. Santos-Robles filed the motion more than two years after the order of removal, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (motion to reopen in absentia proceedings generally must be filed within 180 days of the removal order), and she failed to establish changed country conditions that warranted reopening, *see* 8 C.F.R. § 1003.23(b)(4)(i).

We lack jurisdiction to review Santos-Robles' unexhausted contention that she did not receive proper notice of the hearing. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the BIA).

Santos-Robles' contention that the BIA's streamlined order did not provide adequate reasons for its decision lacks merit. *See Landin-Molina v. Holder*, 580 F.3d 913, 917 n.6 (9th Cir. 2009) (when the BIA affirms under its streamlining procedures, we review the IJ's decision as the final agency decision).

**PETITON FOR REVIEW DENIED in part; DISMISSED in part.**